IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BARRY P. SIMONS #119269, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-00030 |
| ) | Senior Judge Haynes |
| STATE OF TENNESSEE DEPARTMENT ) | |
| OF CORRECTION, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, Barry P. Simons, a prisoner in the South Central Correctional Facility in Clifton, Tennessee, filed this pro se action against the Defendants: (1) the Tennessee Department of Corrections "(TDOC"); (2) Commissioner of Correction Derrick D. Schofield; and (3) Director of Sentence Management Candace Whisman. Plaintiff's claims are that the Defendants violated his Eighth Amendment rights and his right to due process.

Plaintiff's complaint includes allegations about the calculation of certain sentence credits that Plaintiff alleges to cause his continued incarceration. Plaintiff alleges that the denial of his sentence reduction credits deprived him of due process by causing him to be "falsely imprisoned" for six months. Plaintiff also alleges that he has been assaulted in prison, that "would not have been [occurred] if reduction credit days had been awarded." (Docket Entry No. 1, Complaint at 3.) Thus, Plaintiff's claims hinges on the validity of his confinement. Plaintiff seeks $5 million in compensatory and punitive damages and release from state custody. Plaintiff does not specify in his complaint whether he is proceeding under 42 U.S.C. § 1983 or seeking a writ of a habeas

corpus. Because Plaintiff seeks damages and does not allege exhaustion of state court remedies, as required to seek a writ of habeas corpus, the Court construes this to be an action brought under § 1983.

For Plaintiff's claim, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

The United States Supreme Court has extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). More recently, the Supreme Court explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Given that a ruling in Plaintiff's favor would necessitate his release from custody, the Court concludes that this action is not cognizable under 42 U.S.C. § 1983. Plaintiff's exclusive remedy is habeas corpus, which he may only seek under federal law after exhausting any

remedies available in state court. Accordingly, the Court concludes that the plaintiff's current complaint fails to state a claim upon which relief can be granted.

An appropriate Order will be entered.

**ENTERED** this the ___20th___ day of April, 2015.

```
                                    _____
                                    WILLIAM J. HAYNES, JR.
                                    Chief Judge
                                    United States District Court
```